

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| MARLON RIVERA,<br>  Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 5:17-CV-02011-MGL |
| | § | |
| WARDEN, TYGER RIVER<br>CORRECTIONAL INSTITUTION,<br>  Respondent. | §<br>§<br>§ | |

### ORDER ACCEPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING WITHOUT PREJUDICE
### PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS

This case was filed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Petition for Writ of Habeas Corpus be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on September 11, 2017, and the Clerk of Court entered Petitioner's objections to the Report on September 25, 2017. The Court lacks jurisdiction over the Petition, and having reviewed the objections, finds them without merit. Therefore, the Court will enter judgment accordingly.

The Magistrate Judge notes Petitioner previously filed a Petition for Writ of Habeas Corpus in this Court. The instant petition is thus Petitioner's second Petition under 28 U.S.C. § 2254, and Petitioner has neglected to seek leave from the United States Court of Appeals for the Fourth Circuit to file the instant petition as required under 28 U.S.C. § 2244(b)(3)(A). For that reason, the Magistrate Judge recommends dismissing the Petition without prejudice.

Petitioner filed a Response to the Report captioned "Response to Report and Recommendation and Motion to [Set] Aside," which was construed by the Clerk as an Objection to the Report. ECF No. 18 at 1. In his Objection, Petitioner asks this Court "to set aside his Petition, and grant him leave to submit his request for permission from the Fourth Circuit Court of Appeals to file his second habeas Petition." Id. at 2. Petitioner notes he "hereby objects to [page four of] the . . . Report and Recommendation . . . . And hereby makes his Motion to [set] aside his Petition on the basis to properly submit his Petition under the Rule of Constitutional law." Id.

As a preliminary matter, the Court notes it lacks jurisdiction to consider a successive Petition under 28 U.S.C. § 2254 when the Fourth Circuit has failed to pre-authorize filing the successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Even if the Court had jurisdiction over the instant Petition, though Petitioner purports to object to the Report, he provides no specific objection. For those reasons, Petitioner's objection will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27 day of September, 2017, in Columbia, South Carolina.

                                                           s/ Mary Geiger Lewis
                                                           MARY GEIGER LEWIS
                                                           UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.